UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN
MADISON DIVISION

| | | |
|---|---|---|
| GREGORY E. ALLEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:12-CV-208-JED |
| | ) | |
| CAROLYN W. COLVIN, Commissioner of Social Security, | ) ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

On March 26, 2012, Plaintiff Gregory E. Allen filed a complaint seeking review of the final decision of the Defendant Commissioner of Social Security ("Commissioner"). [DE 1]. On March 17, 2014, this Court found in favor of Mr. Allen and remanded this case to the Commissioner for further proceedings. [DE 17]. On June 16, 2014, Mr. Allen's counsel filed a motion for attorneys' fees under the equal access to justice act [DE 19], seeking fees in the amount of $3,656.69. Subsequently, on July 7, 2014, the parties filed a Stipulation to Award of Attorney Fees and Costs [DE 22], in which they agree to an award in the same amount requested by Mr. Allen.

The EAJA provides that "a court may award reasonable fees and expenses of attorneys . . . to the prevailing party in any civil action brought by or against the United States or any agency." 28 U.S.C. § 2412(b). A party seeking an award of fees for a successful action against the government is entitled to recover his attorneys' fees if: (1) he was a prevailing party; (2) the government's position was not substantially justified; (3) there are no special circumstances that would make an award unjust; and (4) the application for fees is timely filed with the district court (that is, within thirty days after the judgment is final and not appealable).

28 U.S.C. § 2412(d)(1)(A), (B) and (d)(2)(G); *Cunningham v. Barnhart*, 440 F.3d 862, 863 (7th Cir. 2006); *Golembiewski v. Barnhart*, 382 F.3d 721, 723–24 (7th Cir. 2004).  Attorneys' fees may be awarded if either the Commissioner's pre-litigation conduct, which includes the Administrative Law Judge's decision, or the Commissioner's litigation position lacked substantial justification. *Cunningham*, 440 F.3d at 863; *Golembiewski*, 382 F.3d at 724.  To be substantially justified, the Commissioner's position must have a reasonable basis in law and fact, and there must be a reasonable connection between the two.  *Id.*  The Commissioner has the burden of establishing that its position was substantially justified.  *Id.*

Noting the parties' agreement that a fee award is justified in this case, the Court **GRANTS** Plaintiff's motion for attorneys' fees [DE 19], and the parties' stipulation [DE 22].  Accordingly, Mr. Allen is awarded an EAJA fee award in the amount of **$3,656.69**, to be paid directly to his attorneys, Frederick J. Daley, Jr. and Daley Disability Law, pursuant to the assignment entered between Mr. Allen and his attorneys, provided the Commissioner determines that Mr. Allen does not have any pre-existing debt to the federal government subject to offset.  *Mathews-Sheets v. Astrue,* 653 F.3d 560, 565 (7th Cir. 2011) ("[I]f there is an assignment, the only ground for the district court's insisting on making the award to the plaintiff is that the plaintiff has debts that may be prior to what she owes her lawyer.") (citing *Astrue v. Ratliff*, 130 S. Ct. 2521 (2010) (holding that the EAJA prohibits payment of an award directly to a petitioner's attorney absent contractual and other assignment-based rights)).  If Mr. Allen has any pre-existing debt to the federal government subject to offset, then the Commissioner may deduct such amounts from this fee award.

SO ORDERED.

ENTERED:  July 15, 2014

                                          /s/ JON E. DEGUILIO
                                  Judge
                                  United States District Court